

**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Salisbury Division

IN RE:                            Case No. 14-27011-TJC
JULIUS THOMAS BARTZ AKA
JULIUS T. BARTZ, SR.
PATRICIA ANN BARTZ

     Debtors.                              Chapter 13

_____

CITIFINANCIAL SERVICING LLC.

     Movant,

vs.

JULIUS THOMAS BARTZ AKA
JULIUS T. BARTZ, SR.
PATRICIA ANN BARTZ

     Debtors/Respondents,

and

GERARD R. VETTER

     Trustee/Respondent.
_____

## AGREED ORDER TERMINATING THE AUTOMATIC STAY

    CITIFINANCIAL SERVICING, LLC. ("Movant"), and Respondents, Julius T. Bartz, Sr. and Patricia A. Bartz ("Debtors"), have reached an agreement in this matter, as follows. The Chapter 13 Trustee has not filed a response and consequently is not objecting to the relief requested.

    Upon review of the Motion for Relief from Automatic Stay filed herein by Movant, it is ORDERED that:

    Automatic Stay of 11 U.S.C. § 362(a) is hereby TERMINATED to permit Movant to cause the commencement or continuation of a foreclosure proceeding, and/or to pursue other means, as permitted by the terms of the Deed of Trust securing the Movant and as permitted by applicable law, of obtaining or transferring, title to the real property belonging to Debtors known as 18644 Reedy Road, Marydel, MD 21649 (the "Property"), and allowing the purchaser or transferee to obtain possession of same.

IT IS FURTHER ORDERED that the Movant shall forbear from commencing or continuing a foreclosure proceeding provided the Debtors:

1. make the regular monthly payment of , subject to periodic changes, on or before April 10, 2016, and on the 10th day of each month thereafter, as they become due, pursuant to the terms of the Promissory Note secured by the Deed of Trust on the above-referenced property. This shall include the payment of all real estate taxes and hazard insurance as they become due; and

2. cure the post-petition arrears of $10,448.06, calculated as follows:

| | | |
|---|---|---|
| Nine (9) missed payment(s) of $1,141.34 | = | $10,272.06 |
| (July, 2015, through March, 2016) | | |
| Less Post-Petition Suspense Balance | = | ($0.00) |
| Total Post-Petition Default | = | $10,272.06 |

by making a payment to Movant in the amount of $1,712.01 (said figure represents one-sixth (1/6) of Debtors' post-petition arrears) on or before April 15, 2016, and continue making payments of $1,712.01 on or before the 15th day of each month and every month thereafter, through and including September 15, 2016.

IT IS FURTHER ORDERED that all payments to the Movant shall be made payable to:

CitiMortgage, Inc.
ATTENTION: PAYMENT PROCESSING
PO Box 70918
Charlotte, NC 28272

IT IS FURTHER ORDERED that if the holder of any other Deed of Trust or lien on the Property obtains relief from the Automatic Stay, then the Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court.

IT IS FURTHER ORDERED that if any payment or portion of any payment required to be made hereunder is not received by Movant by the date that it is due, including any payment due on or after April 10th, 2016, the Debtors shall be deemed to be in default under this Order. In such event, Movant's attorney shall file a Notice of Default with this Court stating the amount due under this Order and shall mail a copy of said Notice of Default to the Debtors and to Debtors' attorney. If, within ten (10) days of the date of said notice, the Debtors do not cure the default by paying the amount stated in the notice, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall terminate without any further proceeding in this Court.

IT IS FURTHER ORDERED that any cure of the Notice of Default must include all amounts set forth therein, including attorney's fees resulting from the Debtors' default, as well as any payments which have subsequently become due under the terms of the Agreed Order Terminating Automatic Stay and that are due at the time Debtors tender funds to cure the default.

IT IS FURTHER ORDERED that acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice of Default and, in the absence of complete cure of the default, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall terminate on the expiration of the cure period without any further proceeding in this Court, notwithstanding partial payment.

IT IS FURTHER ORDERED that upon the filing of the second such Notice of Default, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate and Movant shall be free to cause the commencement or continuation of a foreclosure proceeding against the Property without any further proceeding in this Court.

IT IS FURTHER ORDERED that Debtors consent that any and all communications including but, not limited to, notices required by state law, sent by Movant in connection with any and all proceedings against the property may be sent directly to the Debtors.

IT IS FURTHER ORDERED that in the event the Debtors convert this case to a case under another Chapter of the U.S. Bankruptcy Code, or this case is dismissed, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court.

IT IS FURTHER ORDERED this Agreed Order applies to any successor in interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

/s/ Daniel O. Callaghan
Daniel O. Callaghan
MD Federal Bar No. 13901
BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD  20852
(301) 961-6555
(301) 961-6545 (facsimile)
bankruptcy@bww-law.com
*Counsel for Movant*

/s/ Stephen M. Hearne
Stephen M. Hearne, Esq.
105 W. Main Street
First Floor
Salisbury, MD 21801-5042
*Counsel for Debtors*

## CERTIFICATION OF CONSENT

I HEREBY CERTIFY that the terms of the copy of the agreed order submitted to the Court are identical to those set forth in the original agreed order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original agreed order.

/s/ Daniel O. Callaghan
Daniel O. Callaghan

cc:

BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD  20852

Gerard R. Vetter
300 East Joppa Road, Suite 409
Towson, MD  21286

Stephen M. Hearne, Esq.
105 W. Main Street, Second Floor
Salisbury, MD 21801

Julius T. Bartz Sr.
18644 Reedy Road
Marydel, MD 21649

Patricia A Bartz
18644 Reedy Road
Marydel, MD 21649

**END OF ORDER**